IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK D. HALTERMAN, a citizen and resident of Blount County, Tennessee,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, d/b/a CIGNA GROUP INSURANCE, and SERVICE REPAIR SOLUTIONS, INC.,<br><br>Defendants. | No. |

## COMPLAINT

Comes now the Plaintiff, Mark D. Halterman, by and through counsel, and for cause of action would state as follows:

### JURISDICTION

1. The Plaintiff, Mark D. Halterman, is a citizen and resident of Blount County, Tennessee.

2. The Defendant, Life Insurance Company of North America (LINA), d/b/a Cigna Group Insurance, is an insurance company with its principal place of business in Philadelphia, PA, and may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243. At all material times Defendant, LINA, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. The Defendant, Service Repair Solutions, Inc. a foreign corporation with a place

of business at 3058 East Sunset Road #113, Las Vegas, Nevada 89120. Service Repair Solutions, Inc. may be served with process through its registered agent, Incorp Services, Inc., 2360 Corporate Circle, Suite 400, Henderson, NV 89074-7722. At all material times Defendant, Service Repair Solutions, Inc., acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

4. The Plaintiff brings this action to recover benefits due for his Long Term Disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), and particularly 29 U.S.C. § 1132(a)(1)(B).

5. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

6. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

7. The Plaintiff at all times relevant to this action was a "participant" in the Policy as defined by 29 U.S.C. § 1002(7)

8. The Defendant Policy is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

9. The Defendant, LINA, d/b/a Cigna Group Insurance, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

10. The Defendant, Service Repair Solutions, Inc., is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A)

which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

## FACTS

11. At all times material, Plaintiff worked for Defendant Service Repair Solutions, Inc.

12. Plaintiff developed certain physical conditions that made it difficult for him to work, and ultimately Plaintiff's conditions resulted in a permanent and total long term disability in which Plaintiff cannot do any work for which he is or can become qualified by reason of his education, experience or training and is not expected to be able to continue such work for the duration of his life.

13. On or about November 10, 2010, Plaintiff ceased working due to a long term disability.

14. Plaintiff submitted a claim to Defendant LINA for long term disability benefits.

15. Defendant LINA paid LTD benefits to the Plaintiff from May 9, 2011 through April 4, 2013.

16. The Defendant LINA arranged for a third-party group, Allsup, to help and represent Plaintiff in an application for Social Security Disability.

17. On April 5, 2013, Defendant LINA denied Plaintiff's application for LTD benefits.

18. On or about April 22, 2013, Plaintiff sent notice to Defendant LINA informing Defendant of his intention to appeal the April 5, 2013 denial of benefits.

19. On or about May 10, 2013, Plaintiff spoke to Defendant LINA about desire to

appeal the April 5, 2013 denial of benefits.

20. On May 21, 2013, Plaintiff and Defendant agreed to put administrative appeal on inactive status pending additional time to submit information.

21. On July 23, 2013, Plaintiff submitted additional evidence to Defendant LINA and requested that appeal be placed on active status and decided.

22. On July 24, 2013, the Defendant LINA wrote the Plaintiff acknowledging receipt of the appeal.

23. On September 23, 2013, the Defendant LINA denied Plaintiff's appeal refusing to pay LTD benefits beyond April 4, 2013.

24. The September 23, 2013, denial was an exhaustion of administrative remedies under the plan.

25. Defendants' decision to deny Plaintiff long term disability benefits under the Policy was arbitrary and capricious.

26. Defendants have failed to provide long term disability benefits due Plaintiff under the Policy.

27. Defendants have failed to discharge their fiduciary duties with respect to the Policy solely in the interest of plan participants as required by 29 U.S.C. § 1104(a)(1).

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Policy and is entitled to long term disability benefits from the Policy.

C. Order Defendants to pay Plaintiff back benefits due under the Policy.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay him the amounts they have earned on the money wrongfully withheld from him as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of his suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

Respectfully submitted this 2nd day of October, 2013.

John P. Dreiser (BPR #020743)
Attorney for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37909
(865) 584-1211